**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4287**

———————

UNITED STATES OF AMERICA,

        Plaintiff – Appellant,

   v.

JAMES WILLIAM JACOBS,

        Defendant – Appellee.

———————

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg. Gina M. Groh, District Judge. (3:23-cr-00079-GMG-RWT-1)

———————

Argued:  December 10, 2025                    Decided:  January 21, 2026

———————

Before AGEE, RICHARDSON, and BENJAMIN, Circuit Judges.

———————

Reversed in part, vacated in part, and remanded by published opinion. Judge Agee wrote the opinion in which Judge Richardson and Judge Benjamin joined.

———————

**ARGUED:**  Kyle Robert Kane, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellant. Aaron David Moss, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellee. **ON BRIEF:** William Ihlenfeld, United States Attorney, Randolph J. Bernard, Acting United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellant. Nicholas J. Compton, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellee.

———————

AGEE, Circuit Judge:

James Jacobs was indicted in 2023 for violating 18 U.S.C. §§ 922(g)(1) and (g)(9). He moved to dismiss the indictment, arguing that those statutes were (a) facially unconstitutional and (b) unconstitutional as applied to him. The district court, applying *Bruen*'s[1] text-and-history test, held both statutes unconstitutional *as applied to Jacobs* and so granted his motion to dismiss.

While this appeal was pending, the Supreme Court and our Court issued opinions that bear directly on the parties' arguments. The Supreme Court decided *United States v. Rahimi*, 602 U.S. 680 (2024), which rejected a facial challenge to § 922(g)(8) by applying *Bruen*'s test to a specific criminal provision for the first time. And, applying both *Bruen* and *Rahimi*, this Court decided three cases raising different challenges to other provisions of § 922: *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) (rejecting a facial challenge to § 922(g)(1)); *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024) (categorically rejecting as-applied challenges to § 922(g)(1)); and *United States v. Nutter*, 137 F.4th 224 (4th Cir. 2025) (rejecting a facial challenge to § 922(g)(9)).

Based on these decisions, the Government contends that the district court wrongly dismissed Jacobs' indictment. For the most part, we agree. Following *Rahimi*, *Canada*, *Hunt*, and *Nutter*, the bulk of Jacobs' motion to dismiss must fail. His as-applied and facial challenges to § 922(g)(1) are precluded by *Hunt* and *Canada*, and his facial challenge to

---

[1] *New York State Rifle & Pistol Association v. Bruen*, 597 U.S. 1 (2022).

§ 922(g)(9) is precluded by *Nutter*. We therefore reverse the district court's order to the extent it is inconsistent with those decisions.

That leaves Jacobs' as-applied challenge to § 922(g)(9). Because the district court's analysis predated the aforementioned series of relevant Second Amendment decisions—and because further fact-finding is needed to resolve Jacobs' as-applied challenge to this provision—we vacate and remand the district court's decision regarding Jacobs' as-applied § 922(g)(9) challenge for further proceedings consistent with this opinion.

## I.

### A.

In July 2023, Jacobs allegedly fired a gun inside his residence during an altercation with his girlfriend.[2] During a search of the residence, law enforcement recovered a Ruger pistol and a Marlin .22 rifle. Jacobs was arrested soon thereafter. He was later interviewed by police and admitted to possessing the firearms in question, knowing that he was a felon when he did so, and knowing that he was prohibited from possessing firearms.

Relevant here, Jacobs was previously convicted in West Virginia state court of the misdemeanor offense of Domestic Battery in 2013.

### B.

Based on these facts, a grand jury in the Northern District of West Virginia charged Jacobs with one count of possessing a firearm following a felony conviction, in violation

---

[2] The record does not reflect whether Jacobs was subject to any charges for this altercation and there are no judicial findings as to that event.

3

of 18 U.S.C. § 922(g)(1), and one count of possessing a firearm following a conviction for a misdemeanor crime of domestic violence, in violation of § 922(g)(9).

Jacobs moved to dismiss both counts, arguing that §§ 922(g)(1) and (g)(9) violate the Second Amendment under the Supreme Court's decision in *Bruen*. In doing so, he raised both facial and as-applied challenges to those statutes. After hearing oral argument on Jacobs' motion, the district court concluded that §§ 922(g)(1) and (g)(9) were unconstitutional as applied to Jacobs and dismissed the indictment against him.

The district court began its analysis by holding that under *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Second Amendment includes "all Americans" within the "People" who are protected by that Amendment, even non-law-abiding ones like Jacobs. [J.A. 76.] This finding shifted the burden to the Government to show that §§ 922(g)(1) and (g)(9) are nevertheless consistent with the Nation's historical tradition of firearm regulations. [J.A. 76–77]. On this point, the court determined that the Government did not have to find a "historical twin." J.A. 77. Rather, it needed to "establish a historical tradition of laws disarming those similarly situated to this defendant"—i.e., nonviolent felons and domestic violence offenders. *Id.* Applying this test, the district court concluded that no such historical tradition existed.

Beginning with § 922(g)(1), the court noted that Jacobs' underlying prior felony conviction was "Fleeing in a Vehicle Causing Bodily Injury." J.A. 77–78; *see* J.A. 7. It then found that there was "no clear, direct historical analysis or analogue for fleeing on horseback or in carriages." J.A. 77–78. The lack of such an analogue, in the court's view, rendered § 922(g)(1) unconstitutional as applied to Jacobs.

4

The district court then turned to § 922(g)(9) and rejected common law surety laws as a relevant analogue. *See* J.A. 78 ("[T]he common law surety process [i]s unpersuasive to the Court[.]"). And because the court found that the Government did not identify a relevant historical analogue for § 922(g)(9), it held that statute unconstitutional as applied to Jacobs.

Given these findings, the district court had no occasion to reach Jacobs' facial challenges to §§ 922(g)(1) and (g)(9). Instead, it simply dismissed his indictment on the grounds that the Government failed to carry its burden on *Bruen*'s second step for §§ 922(g)(1) and (g)(9), as applied to Jacobs.

The Government timely appealed, and this Court has jurisdiction under 18 U.S.C. § 3731.

## II.

We review de novo the district court's rulings on the as-applied and facial constitutionality of 18 U.S.C. §§ 922(g)(1) and (g)(9). *See United States v. Bostic*, 168 F.3d 718, 721 (4th Cir. 1999); *Hunt*, 123 F.4th at 701 ("When properly preserved, this Court generally reviews constitutional claims de novo.").

## III.

This appeal ostensibly presents four issues: (1) whether § 922(g)(1) is facially constitutional; (2) whether § 922(g)(1) is constitutional as applied to Jacobs; (3) whether § 922(g)(9) is facially constitutional; and (4) whether § 922(g)(9) is constitutional as applied to Jacobs.

5

The first three issues merit little discussion because, while this appeal was pending, the Court answered them in the affirmative. *See Canada*, 123 F.4th at 161 (upholding the facial constitutionality of § 922(g)(1)); *Hunt*, 123 F.4th at 701 (upholding the as-applied constitutionality of § 922(g)(1) "without regard to the specific conviction that establish[es] [one's] inability to lawfully possess firearms"); *Nutter*, 137 F.4th at 231 (upholding the facial constitutionality of § 922(g)(9)). To the extent the district court held otherwise—i.e., with respect to the as-applied constitutionality of § 922(g)(1)—its decision was error and must be reversed. *See Hunt*, 123 F.4th at 701.[3] Our decisions in *Canada* and *Nutter* likewise bar Jacobs from reviving his facial challenges to §§ 922(g)(1) and (g)(9).

That just leaves Jacobs' as-applied challenge to § 922(g)(9). We have yet to squarely address that issue, and for two principal reasons, we decline to resolve Jacobs' as-applied challenge here. Instead, we remand for the district court to take up this issue in the first instance.

First, and as already alluded to, the district court's decision predated several relevant decisions which have clarified the proper analytical framework for Second Amendment challenges post-*Bruen*. *See, e.g.*, *Rahimi*, 602 U.S. 691–701 (noting that "some courts have

---

[3] *Hunt*'s categorical rejection of all as-applied challenges to § 922(g)(1) appears to run contrary to the stated position of at least one Supreme Court Justice. *See Kanter v. Barr*, 919 F.3d 437, 451 (7th Cir. 2019) (Barrett, J., dissenting) ("[L]egislatures have the power to prohibit dangerous people from possessing guns. But that power extends only to people who are *dangerous*. Founding-era legislatures did not strip felons of the right to bear arms simply because of their status as felons."). But until the Supreme Court takes up this issue, we remain bound by *Hunt* as to § 922(g)(1). *Payne v. Taslimi*, 998 F.3d 648, 654 (4th Cir. 2021) ("[W]hen a panel of our Court looks horizontally to our own precedents, we must apply their commands as a mechanical mandate."). Still, we decline to extend *Hunt* to categorically reject all as-applied challenges to Section 922(g)(9).

6

misunderstood the methodology of our recent Second Amendment cases," and detailing the proper scope of the analysis); *Nutter*, 137 F.4th at 231–32 (applying *Bruen* and *Rahimi* to a facial challenge to § 922(g)(9)). Because the district court did not have the benefit of those decisions—and because its analysis runs contrary to them[4]—vacatur and remand is proper on the § 922(g)(9) charge so that the court can conduct its as-applied analysis anew. *See United States v. Bailey*, 74 F.4th 151, 160 (4th Cir. 2023) ("[When] an appellate court discerns that a district court has failed to make a finding because of an erroneous view of the law, the usual rule is that there should be remand for further proceedings[.]" (quoting *Pullman-Standard v. Swint*, 456 U.S. 273, 293 (1982)).

Second, the record developed by the district court is insufficient for us to determine whether Jacobs' as-applied challenge has merit. As noted at argument, there remain factual questions about: (1) the date and circumstances of Jacobs' prior domestic violence misdemeanor conviction; (2) the circumstances surrounding his § 922(g)(9) indictment, including the status of any related state-level charges; (3) Jacobs' conduct during the period between his prior domestic violence misdemeanor and the events that led to his arrest in this case; (4) whether Jacobs sought a pardon or expungement of his prior misdemeanor;

---

[4] *Compare, e.g.*, *Rahimi*, 602 U.S. at 691–92 ("[Our] precedents [a]re not meant to suggest a law trapped in amber. . . . [T]he Second Amendment permits more than just those regulations identical to ones that could be found in 1791."), *with, e.g.*, J.A. 78 ("[A]t the time of the ratification of the Second Amendment . . . it was legally and socially permissible for a man to abuse or beat his spouse. And that's the unfortunate fact. So bottom line is that the defendant's conviction[] for . . . domestic violence would not have . . . at the time of the Second Amendment's writing . . . led to him relinquishing his rights under the Second Amendment.")

7

and (5) any other factor the parties deem relevant to an as-applied challenge under a post-*Rahimi* inquiry. *See* Oral Arg. 12:36–13:17, 14:45–15:46.

All these issues may be pertinent to Jacobs' as-applied challenge, yet the record sheds no light on them. *Cf. United States v. Simmons*, 150 F.4th 126, 131 (2d Cir. 2025) (leaving open the door for as-applied challenges to § 922(g)(9) where the defendant "offers [a] basis to distinguish himself from other domestic violence misdemeanants"). For that reason, this Court is ill-equipped to rule on Jacobs' as-applied challenge to the constitutionality of § 922(g)(9) at this time. Because we do not categorically reject all as-applied challenges to § 922(g)(9), vacatur and remand for further factfinding and analysis is the appropriate course of action under these circumstances. *See Bailey*, 74 F.4th at 160 (recognizing the propriety of vacatur and remand where there are material "ambiguities in th[e] record").

IV.

For the foregoing reasons, the district court's judgment is reversed in part, vacated in part, and remanded for further proceedings consistent with this decision. In particular, we: (1) reverse the district court's decision to grant Jacobs' motion to dismiss his § 922(g)(1) charge; (2) vacate the district court's decision to grant Jacobs' motion to dismiss his § 922(g)(9) charge; and (3) remand this case for further factfinding and analysis on Jacobs' as-applied challenge to § 922(g)(9) consistent with this opinion.

*REVERSED IN PART, VACATED IN PART, AND*
*REMANDED FOR FURTHER PROCEEDINGS*